UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

CLARENDON AMERICA INSURANCE COMPANY,
a foreign corporation,

        Plaintiff,

v.

PAVILLION ENTERPRISES, INC., a Florida corporation,
and MARIA HUSSAIN, a Florida resident,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, CLARENDON AMERICA INSURANCE COMPANY, through its undersigned counsel, sues Defendants, PAVILLION ENTERPRISES, INC. and MARIA HUSSAIN, for declaratory relief and alleges as follows:

### Jurisdiction and Venue

1. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

2. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based on the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under one or more policies of insurance.

3. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the incident giving rise to the present claim for declaratory relief occurred in this district and at least one of the Defendants is located in this District.

5. All conditions precedent to the filing of this action have occurred or have been complied with.

## Parties

6. At all times material to this action, Plaintiff, CLARENDON AMERICA INSURANCE COMPANY ("Clarendon"), was a foreign corporation with its principal place of business in the State of New York.

7. At all times material to this action, Defendant PAVILLION ENTERPRISES, INC. ("Pavillion") was a Florida corporation with its principal place of business in Miami, Florida.

8. At all times material to this action, Defendant MARIA HUSSAIN ("Hussain") was a Florida resident.

9. As part of its business, Defendant Pavillion, owned and operated a nightclub known as Azucar, which was located at 2301 Southwest 32nd Avenue in Miami, Florida.

10. On November 12, 2005, Defendant Hussain was a patron at Azucar when she allegedly tripped and fell and fell suffering injuries as a result.

11. On December 5, 2005, Pavillion received a letter of representation from an attorney for Hussain with respect to the aforementioned accident at Azucar.

12. Between December 2006 and December 2007, Clarendon, Pavillion's liability insurer, investigated the Hussain claim through its third party administrator, Apex Insurance Managers ("Apex") and a local adjusting company, Totura & Company ("Totura").

13. Apex submitted invoices for payment to Pavillion in connection with Apex's services rendered in investigating the Hussain claim, which invoice amounts were subject to Pavillion's deductible under the insurance policy issued to it by Clarendon.

14. Pavillion never paid any part of its Deductible amount under the Clarendon policy.

15. On or about May 15, 2008, Hussain filed a complaint against Pavillion for personal injuries and damages arising out of the accident at Azucar in an action styled *Maria Hussain v. Pavillion Enterprises, Inc. and Mary Trini Enterprises, Inc.*, Case No. 08-27149 CA 2 in the Circuit Court for Miami-Dade County, Florida (the "*Hussain* action").

16. Pavillion did not forward notice of the *Hussain* action to Apex, Totura or Clarendon.

17. Pavillion retained its own personal counsel to represent it in the *Hussain* action. Upon information and belief, Pavillion's personal counsel was disbarred shortly before the trial in the *Hussain* action.

18. On March 22, 2011, the *Hussain* action proceeded to trial and Hussain obtained a verdict against Pavillion in the amount of $1 million.

19. On March 23, 2011, Hussain filed a *Motion for Entry of Final Judgment and for Addition of Party Pursuant to Florida Statute §627.4136*, wherein Hussain sought to join Clarendon as a party for the purpose of rendering the judgment against it pursuant to Florida's "Non-Joinder Statute."

20. A copy of the motion was sent to Clarendon's corporate offices in New York and was received by Clarendon on March 28, 2011. This was Clarendon's first notice of the *Hussain* action and judgment against Pavillion.

### The Clarendon Policy

21.     At all times relevant to this action, Plaintiff, Clarendon, had in existence Policy # APX-PK-00058864 which provided, among other things, commercial general liability coverage during the period of 8/18/05 to 8/18/06. A copy of Clarendon's declarations pages is attached hereto as **Exhibit A**. A true and correct copy of Clarendon's complete policy will be filed with the Court separately.

22.     Pursuant to the policy's Deductible Endorsement, Pavillion had to fulfill certain obligations as conditions precedent to coverage under the policy. These obligations were described in the policy as follows:

### DEDUCTIBLE ENDORSEMENT

It is understood and agreed that the fulfillment of your obligations under this Endorsement is a condition precedent to the performance of our obligations under the policy to which this Endorsement forms a part.

It is agreed that such insurance applies subject to the following additional provisions which, in the event of conflicts with any provisions elsewhere in the policy, shall control the application of the insurance to which this Endorsement applies.

1.  We shall be liable only for the amount of loss, cost, expense or damages in excess of the Deductible amount up to the applicable Limits of Insurance stated in the policy of Insurance designated below. In no event shall we be required to substitute for you as respects your responsibility within the Deductible amount. Payment of any part of the Deductible amount must be made at the time such sums are due and owing. Your failure to pay any part of the Deductible amount within 60 days of the date such sums are due and owing shall be deemed a breach of your obligations under the policy and will, at the Company's option, render this policy void as respects any **"claim"** or **"suit"** for which the Deductible amount has not been paid.

                              *   *   *

3.  In the event of **"claim"** or **"suit"**, you agree to immediately employ the claim servicing firm indicated in Paragraph 6 of this Endorsement . . . .

\*     \*     \*

5. Immediately after you become aware that a **"claim"** is made or **"suit"** is filed, and in accordance with the Conditions section of the policy, you shall give written notice thereof to us and the claims handling service indicated in Paragraph 6 below. We shall have the right but not the duty to appoint defense counsel if the amount of the **"claim"** or **"suit"** is unspecified or less than the stated Deductible amount. If the amount of the **"claim"** or **"suit"** and the anticipated cost of defense is for more than the stated Deductible amount or the injuries described in the **"claim"** or **"suit"** are severe in nature, we shall have the right and duty to appoint defense counsel.

6. With respect to any **"claim"** or **"suit"**, you shall employ the following firm for the purposes of providing claim service:

> Apex Insurance Managers, LLC
> 500 West Madison Street, Suite #450
> Chicago, Illinois 60661
> Phone: (312) 930-9726
> Facsimile: (312) 930-9736

\*     \*     \*

**Deductible Amount**

**$5,000**

**Claim for Declaratory Relief**

23. It is the position of Clarendon that there is no coverage under its policy for the judgment obtained in the *Hussain* action as a result of Pavillion's breach of the notice conditions in the policy, which are conditions precedent to coverage.

24. It is also the position of Clarendon that there is no coverage under its policy for the judgment obtained in the *Hussain* action because Pavillion breached its obligations under the policy's Deductible Endorsement by failing to pay the sums due and owing under its Deductible amount, rendering the policy void.

25. An actual, present and justiciable controversy exists between Plaintiff, Clarendon, and Defendants, Pavillion and Hussain, warranting the entry of declaratory judgment by this Court.

WHEREFORE, Plaintiff, CLARENDON AMERICA INSURANCE COMPANY, respectfully requests this Court to enter judgment declaring that no coverage exists under Clarendon's policy # APX-PK-00058864 for the judgment obtained by Marie Hussain in the *Hussain* action.

Plaintiff, CLARENDON AMERICA INSURANCE COMPANY, further demands all costs and such other relief as the Court may deem just and appropriate under the circumstances.

LITCHFIELD CAVO LLP
Attorneys for Petitioner,
CLARENDON AMERICA INS. CO.
Radice Corporate Center
600 Corporate Drive, Suite 600
Ft. Lauderdale, Florida 33334
Telephone: (954) 689-3006
Facsimile: (954) 689-3001
Email: khutorksy@litchfieldcavo.com


By: *GARY KHUTORSKY*
    GARY KHUTORSKY
    (FBN 814271)
